**Wynema NEIE, Appellant,**

v.

**Dr. H.R. STEVENSON, Appellee.**

**No. 07–82–0227–CV.**

Court of Appeals of Texas, Amarillo.

Dec. 29, 1983.

**918**

Neal & McBeath, Marc McBeath, Vernon, for appellant.

Bailey & Williams, Kevin J. Keith, Dallas, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

By appeal from a summary judgment granted to the doctor in a medical malpractice case, the patient challenges the trial court's reliance on the two year statute of limitations, art. 4590i, § 10.01, Tex.Rev.Civ. Stat.Ann. (Vernon Supp.1982), contending the statute is neither applicable nor constitutional. We affirm.

The operative facts are undisputed. Appellee, Dr. H.R. Stevenson performed a tubal ligation intended to sterilize appellant Wynema Neie, on September 9, 1977. He performed additional medical services related to the tubal ligation on September 15, 1977 and other medical services, for an unspecified purpose, on May 28, 1978. In Feb-

ruary of 1980, Mrs. Neie discovered she was pregnant. On November 24, 1981, she gave written notice of a claim to Dr. Stevenson and on January 28, 1982, within two years after she discovered she was not sterile, she sued him. Dr. Stevenson moved for summary judgment on the ground that Mrs. Neie's claim is barred by art. 4590i, § 10.01, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1982), supporting the motion with his affidavit and her answers to his request for admissions. Mrs. Neie filed a response, supported with an affidavit establishing her failure to discover the alleged malpractice until February of 1980. Attacking the summary judgment in this Court by two points of error, Mrs. Neie contends: (1) she raised a fact question on the applicability of the statute of limitations, because she filed suit within two years after discovering the alleged malpractice and (2) the statute is unconstitutional as applied to her, under the 14th amendment to the U.S. Constitution and article I, sections 13 and 19 of the Texas Constitution. We conclude that a recent Texas Supreme Court decision, and several recent Courts of Appeals decisions, are fatal to her contentions.

The statute of limitations in question, section 10.01 of art. 4590i, Tex.Rev.Civ.Stat. Ann. (Vernon Supp.1982), states:

Sec. 10.01. Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

The quoted section, effective August 29, 1977, is the successor to section 4 of article 5.82 of the Insurance Code,[1] which was in

1. 1975 Tex.Gen.Laws, ch. 330, § 4 at 865, *re-*      *pealed by* 1977 Tex.Gen.Laws, ch. 817, § 41.03

effect from June 3, 1975 until section 10.01 took effect. Although section 10.01 protects a larger group of health care providers [2] the critical language of both statutes is almost identical. As pertinent here, both require the action to be filed within two years from "the breach or tort or from the date the medical . . . treatment that is the subject of the claim . . . is completed . . . ." Art. 4590i, § 10.01, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1982); section 4 of article 5.82 of the Insurance Code (repealed 1977). The similarity of the two statutes is important because the Supreme Court recently construed section 4 of art. 5.82 in *Nelson v. Krusen,* 27 Tex.Sup.Ct.J. 82, —— S.W.2d —— (Nov. 16, 1983). Although *Nelson* received widespread attention for rejecting a "wrongful life" cause of action by a genetically defective baby, the Court was also required to decide whether the baby's parents, Tom and Gloria Nelson, were barred by section 4, the predecessor to section 10.-01, from bringing a medical malpractice suit against Dr. Krusen and the Baylor University Medical Center. The suit was filed more than four years after Dr. Krusen told Gloria she was not a genetic carrier of the baby's disease, but only a few months after the Nelsons discovered their baby was diseased.

Rejecting the Nelsons' contention that the discovery rule, recognized by the Supreme Court in *Robinson v. Weaver,* 550 S.W.2d 18 (Tex.1977), shielded them from the bar of section 4, the Court said:

> Article 5.82, section 4 is unambiguous: "[N]o claim . . . may be commenced unless the action is filed within two years of the breach or the tort complained of or from the date of the medical treatment . . . or the hospitalization . . . is completed, . . ." The only express exception to article 5.82, section 4 applies to minor children. No allowance was made for the

at 2064.

**2.** Section 4 applied to "a person or hospital covered by a policy of professional liability insurance covering a person licensed to practice medicine or podiatry or certified to administer anesthesia in this state or a hospital li-

judicially created "discovery rule" exception in article 5.82, section 4.

*Nelson v. Krusen,* 27 Tex.Sup.Ct.J. at 83.

After refusing to apply the discovery rule, the Court then rejected contentions that the statute was unconstitutional for various reasons, including violations of the 14th amendment to the U.S. Constitution and article I, sections 13 and 19 of the Texas Constitution, the same provisions advanced by Mrs. Neie in this case. In rejecting all constitutional claims, the Court concluded, among other things, that there was a reasonable basis for the classification created by the statute and a legitimate state interest in the matter. This court had previously reached the same conclusion in *Littlefield v. Hays,* 609 S.W.2d 627, 630 (Tex. Civ.App.—Amarillo 1980, no writ).

The only issue remaining in this case, then, is whether a Supreme Court decision based on section 4 of art. 5.82 of the Insurance Code (repealed 1977) is binding precedent for this court when a judgment is based on art. 4590i, § 10.01, Tex. Rev.Civ.Stat.Ann. (Vernon Supp.1982). We conclude that it is, for two reasons. First, the pertinent language of the two statutes is almost identical and the record before us contains nothing to suggest a different legislative intent or additional constitutional problems under section 10.01. Second, in *Nelson v. Krusen,* the Supreme Court carefully distinguished *Borderlon v. Peck,* 661 S.W.2d 907 (1983), a case in which it held that art. 4590i, § 10.01 did not abolish fraudulent concealment as an equitable estoppel to the affirmative defense of the statute of limitations. Had the *Nelson* court thought a different result would be reached under art. 4590i, § 10.01 on the primary issues before it, it surely would have included a caveat in its discussion of the *Borderlon* case.

censed under the Texas Hospital Licensing Law, as amended (Article 4437f, Vernon's Texas Civil Statutes), . . . ."

Section 10.01 applies to any health care liability claim.

Additionally, in *Neagle v. Nelson*, 658 S.W.2d 258 (Tex.App.—Corpus Christi 1983, no writ), the Corpus Christi Court of Appeals, applied art. 4590i, § 10.01 to a "sponge in the stomach" case and rejected the discovery rule and various constitutional challenges.[3] *See also Wallace v. Smith*, 658 S.W.2d 328, 329 (Tex.App.—Fort Worth 1983, no writ).

■ It is apparent from the foregoing discussions that we must reject Mrs. Neie's arguments. Her case was filed more than two years after Dr. Stevenson could have been guilty of malpractice. Under the cases discussed, her suit is barred by section 10.01 of art. 4590i, which is not violative of the constitutional provisions discussed, and she is not entitled to the protection of the discovery rule. Points of error one and two are overruled.

The judgment of the trial court is affirmed.

---

3. It did not, however, discuss the merits of the constitutional challenges, holding that the record before it did not provide a basis for resolution of the issues.