**Mary PHILLIPS, et al., Appellants,**

v.

**SHARPSTOWN GENERAL HOSPITAL, et al., Appellees.**

**No. 01–82–0828–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 30, 1983.

Rehearing Denied Dec. 30, 1983.

Stephen A. Doggett, Richmond, for appellants.

Donald McFall, Houston, Kevin Keith, Dallas, for appellees.

Before EVANS, C.J., and BULLOCK and LEVY, JJ.

## OPINION

BULLOCK, Justice.

Subsequent to the original opinion in this case issued on November 3, 1983, the Texas Supreme Court, on November 16, 1983, delivered the opinion of *Nelson v. Krusen*, 27 Tex.Sup.Ct.J. 82 (1983). The *Nelson* case is relevant to the instant case and the opinion therein requires the following substitute opinion which supersedes our original opinion issued November 3, 1983.

Appellants appeal from an order granting appellees summary judgment. Appellants asserted a health care liability claim against appellees, which was governed by the Medical Liability and Insurance Improvement Act of Texas, Tex.Rev.Civ.Stat.Ann. art. 4590i (Vernon Supp.1982–1983). The trial court granted summary judgment in favor of appellees on the basis that appellants' claim was barred by the applicable statute of limitations.

The judgment is reversed, and the cause remanded for trial.

On December 8, 1978, appellant, Mary Phillips, underwent a sterilization operation performed by appellee, Dr. Harold I. Dailey, at Sharpstown General Hospital, the co-appellee. A follow-up visit on December 15, 1978, was the last treatment provided by appellee, Dailey, relating to this surgery. In April of 1979, appellant discovered she was pregnant and, on September 24, 1979, gave birth to twins. Appellants state in their brief that they were not warned concerning the possibility that the operation would be unsuccessful, nor were any tests administered to determine its success. The record reflects knowledge on the part of Dr. Dailey that further tests might be needed.

On July 18, 1982, appellee, Hospital, filed a motion for summary judgment based on the affirmative defense of the statute of limitations. This motion was heard on August 10, 1982, along with the previously filed motion for summary judgment of appellee, Dailey, and such motions were granted by the court below. On September 3, 1982, appellants filed a motion to vacate the order granting the summary judgments and for a new trial. The court did not act on this motion, and it was overruled by operation of law on November 9, 1982.

Although eight points of error are urged on appeal, basically three claims are presented for review:

1) That suit was not barred by the applicable two year statute of limitations (Point of Error Number One);

2) In the alternative, that the applicable two year statute of limitations should be extended by the "discovery rule" (Point of Error Number Two); or the "doctrine of fraudulent concealment" (Point of Error Number Three); or that appellee, Dr. Dailey, should be estopped from raising the limitations defense (Point of Error Number Four);

3) That the applicable limitations statute is unconstitutional (Points of Error Numbers Six, Seven, and Eight).

For ease of analysis with respect to appellants' first through fifth points of error, the operative dates are summarized as follows:

1) December 8, 1978; date of operation;

2) December 15, 1978; date of last treatment;

3) April 1979; date appellant discovered she was pregnant;

4) September 24, 1979; birthdate of the twins;

5) October 28, 1980; date of notice to appellees of health care claim.

### APPELLANTS' POINT OF ERROR NUMBER ONE

THE DISTRICT COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, SINCE AS A MATTER OF LAW PLAINTIFFS' SUIT WAS NOT BARRED BY THE TWO–YEAR STATUTE OF LIMITATIONS, TEX.REV.CIV.STAT.ANN. ART. 4590i § 10.01 BECAUSE OF THE

75 DAY TOLLING PROVISION OF § 4.01(c) OF SAID ARTICLE.

With respect to this point of error, this is a case of first impression which requires us to interpret the mechanical operation of the 60-day notice requirement and the 75-day "tolling provision" of Tex.Rev.Civ.Stat.Ann. art. 4590i § 4.01(a) and (c) (Vernon Supp. 1982–1983), when applied in conjunction with the two-year statute of limitation period of Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Supp.1982–1983).

The two-year limitation provision on health care liability claims in § 10.01 of art. 4590i, *supra,* provides, in relevant part:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed;

However, § 4.01(a) of art. 4590i, *supra,* requires that:

Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim.

In addition, the "tolling provision" of art. 4590i, § 4.01(c), *supra,* provides:

Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

With the aforementioned statutes in mind, the issue for this court's determination is as follows: If notice of a health care claim is given within 60-days of the expiration of the two-year limitations period, is the limitations period:

1) merely extended by 75 days following the giving of notice (appellees' position); *or*

2) is it suspended for the 75-day period following the giving of notice, at the expiration of which time the remaining period of the original two-year limitations continues to run (appellants' position)?

Simply stated, does § 4.01(c), *supra,* extend only the *expiration date* of the limitation statute, otherwise allowing it to run, *or* does it suspend the *running* of the limitation statute?

We hold that the latter construction, regardless of the vernacular in which it is stated, is correct.

To recapitulate, § 4.01(c) of art. 4590i, *supra,* provides, in relevant part:

Notice given as provided in this Act shall *toll* the applicable statute of limitations to and including a period of 75 days following the giving of notice, . . . (Emphasis supplied).

The operative word is "toll":

*To suspend or stop temporarily,* as the statute of limitations is tolled during the defendants' absence from the jurisdiction and during the plaintiffs' minority. Blacks Law Dictionary (5th Ed.) at 1334. (Emphasis supplied).

The legal encyclopedias are also in accord with this interpretation:

The period during which the statute is suspended by legislative enactment should not be considered in computing the statutory period, notwithstanding the fact that the suspended statute is again put into operation. 37 Tex.Jur.2d *Limitation of Action* § 132 (1964).

In determining whether or not the full limitation period has run, time is reckoned from the accrual of the cause of action to the commencement of the action, with a deduction of the time, if any, during which the statute was tolled. 54 C.J.S. *Limitation of Action* § 262 (1948).

The Texas cases interpreting other statutes, cited by appellants in an attempt to set forth an analogy based on the absence of authority on this question, are not controlling. In those instances, the legislature has prevented a similar interpretation problem by the inclusion of certain language in

the tolling provision itself. See Tex.Rev. Civ.Stat.Ann. art. 5537 (Vernon 1958) titled "Temporary Absence" (wherein it is said that "... the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title."); Tex.Rev.Civ.Stat.Ann. art. 5538 (Vernon 1958) titled "Limitation After Death" (wherein it is said that the law of limitation shall "cease to run" against such cause of action only until the decedent's personal representative has qualified).

Applying the suggested interpretation to the facts of this case, the two-year limitation period prescribed by § 10.01 of art. 4590i, *supra,* commenced on "the date the medical or health care treatment ... [was] completed" (i.e., December 15, 1978, the date of last treatment). Said limitation period would have expired on December 15, 1980. However, written notice of the health care claim was given pursuant to § 4.01(a) of art. 4590i, *supra,* on October 28, 1980. As of that notice date, there remained 48 unexpired days of the two-year limitation period. Suit was filed on February 19, 1981. We hold that the 75 days during which the statute was "tolled" should not be calculated as part of the two-year limitation period; upon the expiration of the 75-day period, the 48 remaining days as of the October 28th notice date continued to run. Therefore, this suit, which was initiated on February 19, 1981, within the said 48-day period, was timely filed.

We sustain appellants' first point of error.

### APPELLANTS' POINT OF ERROR NUMBER TWO

THE DISTRICT COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BECAUSE PLAINTIFFS FILED SUIT WITHIN 2 YEARS OF THE DATE THEY DISCOVERED THAT MALPRACTICE HAD OCCURRED.

In the alternative, appellants urge that the applicable two-year statute of limitations should be extended by the "discovery rule." That is, notwithstanding the interpretation of the statutory provisions under the first point of error, appellants assert that suit was timely filed within two years of the date they discovered the alleged malpractice (i.e., in April of 1979, when appellant discovered her pregnancy).

As previously noted, since the filing of briefs and oral submission by appellants and appellees, the Texas Supreme Court has delivered the opinion of *Nelson v. Krusen,* 27 Tex.Sup.Ct.J. 82 (1983), which is relevant to the case at bar, particularly the appellants' second point of error. In the *Nelson* case, the plaintiffs filed suit on behalf of themselves and their minor child alleging a medical malpractice claim against a physician and hospital. The trial court rendered summary judgment in favor of the defendants based on the statute of limitations and the failure of the plaintiffs to state a claim upon which relief may be granted. The Court of Appeals affirmed, and the plaintiffs appealed to the Supreme Court.

One of the issues before the Supreme Court was the applicability of the "discovery rule" to the plaintiffs' claims. Plaintiffs alleged that their cause of action was not barred by the applicable limitations statutes, art. 5.82, § 4 of the Texas Insurance Code, because they were unable to discover their cause of action for several years following their final consultation with the physician in question. Consequently, plaintiffs alleged that the "discovery rule" applied and effectively extended the limitations period.

The Supreme Court, however, held that the Legislature had abolished the discovery rule, and the decision of the Court of Appeals was affirmed. *Id.* at 84. The Court distinguished its earlier decision in *Borderlon v. Peck,* 661 S.W.2d 907 (1983), which involved the doctrine of fraudulent concealment:

Fraudulent concealment ... is an affirmative defense predicated upon an intentional wrong perpetrated by the defendant, whereas the "discovery rule" is a test

used to determine when a plaintiff's cause of action accrues based upon statutory construction and the knowledge available to the plaintiff.

*Id.* As a result, the Court held that the Legislature abolished the discovery rule, but the doctrine of fraudulent concealment remains as an equitable estoppel to the statute of limitations.

■ Although the case involved art. 5.82, § 4 of the Texas Insurance Code, the Court clearly implied that the result would be the same under art. 4590i, the limitations statute applicable to the instant case. *Id.* at 86–87 (Robertson, J., concurring). Article 5.82, § 4 of the Insurance code is virtually identical to the present limitations statute. *See Littlefield v. Hays,* 609 S.W.2d 627, 628 (Tex.Civ.App.—Amarillo 1980, no writ) and Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.02 (Vernon Supp.1982–83). Consequently, it is apparent from this recent decision by the Supreme Court that the discovery rule is inapplicable to the instant case.

Appellants' second point of error is overruled.

## APPELLANTS' POINT OF ERROR NUMBER THREE

THE DISTRICT COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, SINCE THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER DEFENDANTS SHOULD BE ESTOPPED FROM RAISING THE DEFENSE OF LIMITATIONS BECAUSE OF THEIR FAILURE TO MAKE DISCLOSURE TO PLAINTIFFS OF MEDICAL INFORMATION WHICH THEY WERE REQUIRED TO DISCLOSE.

■ In the alternative, appellants urge that the applicable two-year statute of limitations should be extended by the "doctrine of fraudulent concealment." That is, notwithstanding the interpretation of the statutory provisions under the first point of error, appellants assert that appellees are estopped from raising the limitations defense because appellees were under a duty to make disclosure to appellants that the operation may not have been successful when appellees knew or should have known that the operation was unsuccessful. *Borderlon, supra,* does not aid appellants with respect to their claim of fraudulent concealment since that issue was not properly presented to the trial court and, therefore, cannot be urged on appeal. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *See* Tex.R.Civ.Pro. 166–A(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

No mention of fraudulent concealment was made in appellants' response to appellees' motion for summary judgment and, therefore, the issue has been waived.

Appellants' third point of error is overruled.

## APPELLANTS' POINT OF ERROR NUMBER FOUR

THE DISTRICT COURT ERRED IN GRANTING DEFENDANT DAILEY'S MOTION FOR SUMMARY JUDGMENT SINCE THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER DEFENDANT DAILEY SHOULD BE ESTOPPED FROM RAISING THE DEFENSE OF LIMITATIONS BECAUSE HIS REPRESENTATIVES INDUCED PLAINTIFFS' COUNSEL INTO DELAYING THE FILING OF SUIT.

Further in the alternative, appellants urge that appellee, Dr. Dailey, should be estopped from raising the limitations defense because his representatives led appellants to believe that settlement would be possible without filing suit.

Procedurally, this aspect of estoppel was properly raised in appellants' response to the motion for summary judgment, and therefore, unlike points of error numbers three, six, seven, and eight, the issue may be assigned as error on appeal. *E.g., Clear Creek, supra;* Tex.R.Civ.Pro. 166–A(c).

Appellants cite 37 Tex.Jur.2d, *Limitations of Actions,* § 155 in support of their position. Therein it is said:

> In a proper case the doctrine of estoppel may be invoked to prevent reliance on the statute of limitations. Thus, in a proper case a defendant may be precluded from relying on the defense of limitation if the plaintiff's failure to institute suit within the statutory period was caused by the defendant's misrepresentation or fraud, *or by negotiations for an amicable settlement,* or by some other agreement or conduct that lulled a creditor into security and thereby caused him to delay action. (Emphasis supplied).

The general rule, however, as stated in *Tex. Jur.2d, supra,* is quite to the contrary:

> As a general rule, the plaintiff has the full statutory period within which to bring suit. Consequently, delay in bringing suit ordinarily does not operate as an estoppel. *Security State Bank v. Burton,* 10 S.W.2d 201 (Tex.Civ.App.—Eastland 1928, writ ref'd).

 Appellants argue that the insurer's statement, made in response to their notice of the health care liability claim, that Dr. Dailey had done nothing wrong and inviting counsel to furnish additional information, was a "clear implication . . . that in the event information could be furnished showing error on Dr. Dailey's part, that a settlement will be forthcoming." The mere exchange of information between potential litigants should not suspend the running of the applicable limitation statute or estop a litigant from asserting it as a defense. Indeed, the very purpose of the 60-day notice provision of § 4.01(a), *supra,* is to facilitate discussion of the merits of a potential health care claim and thereby initiate amicable settlement negotiations. We conclude that the legislature did not intend that the two-year limitation provision of § 10.01, *supra,* could be extended by virtue of the exchange of information between potential litigants, when a 60-day period was provided for that very purpose.

Appellants' point of error number four is overruled.

## APPELLANTS' POINT OF ERROR NUMBER FIVE

THE DISTRICT COURT ERRED IN FAILING TO GRANT PLAINTIFFS' MOTION TO VACATE ORDER GRANTING SUMMARY JUDGMENT AND FOR NEW TRIAL BECAUSE PLAINTIFFS' SUIT WAS TIMELY FILED AS A MATTER OF LAW AND/OR THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER DEFENDANTS SHOULD BE ESTOPPED FROM ASSERTING LIMITATIONS.

Appellants' fifth point of error urges that "the district court erred in not vacating the order granting summary judgment and granting plaintiffs a new trial for the reasons set out in Points of Error 1 through 4 above."

Point of error number five is disposed of in accordance with the holdings made under points of error one through four.

## APPELLANTS' POINT OF ERROR NUMBER SIX

THE DISTRICT COURT ERRED IN SUSTAINING DEFENDANTS' SUMMARY JUDGMENT SINCE THE STATUTE OF LIMITATIONS PLACED ON PLAINTIFFS BY TEX.REV.CIV.STAT. ANN. ART. 4590i SECTION 10.01 DENIES THE EQUAL PROTECTION OF LAWS AND CREATES SPECIAL PRIVILEGES AND IMMUNITIES FOR PHYSICIANS AND OTHER HEALTH CARE PROVIDERS, ALL IN VIOLATION OF THE TEXAS AND UNITED STATES CONSTITUTIONS.

## APPELLANTS' POINT OF ERROR NUMBER SEVEN

THE DISTRICT COURT ERRED IN SUSTAINING THE DEFENDANTS' SUMMARY JUDGMENT SINCE THE STATUTE OF LIMITATIONS PLACED ON PLAINTIFFS BY TEX.REV.CIV. STAT.ANN. ART. 4590i SECTION 10.01 DENIES THE EQUAL PROTECTION

OF LAWS AND CREATES SPECIAL PRIVILEGES AND IMMUNITIES FOR PHYSICIANS AND OTHER HEALTH CARE PROVIDERS, ALL IN VIOLATION OF THE TEXAS AND UNITED STATES CONSTITUTIONS.

## APPELLANTS' POINT OF ERROR NUMBER EIGHT

THE DISTRICT COURT ERRED IN SUSTAINING SUMMARY JUDGMENT FOR THE DEFENDANTS AS TEX. REV.CIV.STAT.ANN. ART. 4590i SECTION 10.01 AFFECTING LIMITATIONS IN PLAINTIFFS' CASE IS UNCONSTITUTIONAL AS A VIOLATION OF THE RIGHT TO REMEDIES FOR INJURY TO PERSON PROVIDED BY THE TEXAS CONSTITUTION, ART. 1, SEC. 13.

■ The constitutional challenges made the basis of the appellants' last three points may not be assigned as error on appeal since the issues contained in them were not properly presented to the trial court in appellants' response to appellees' motions for summary judgment. See Tex.R.Civ.Pro. 166–A(c); *Clear Creek Basin Authority, supra*. Even constitutional challenges to a statute which are not expressly presented to the trial court by written motion, answer, or other response to a motion for summary judgment, cannot be considered on appeal as grounds for reversal. *Central Bank v. Harris*, 623 S.W.2d 807 (Tex.App.—Austin 1981, no writ).

■ The constitutional challenges appear for the first time in appellants' brief to this court. Accordingly, the issues contained in these points were waived. We further hold that even if these issues were not waived, the constitutional rights of these adult appellants were not impaired. *Nelson v. Krusen, supra*.

The appellants' final three points of error are overruled.

The judgment is reversed, and the cause is remanded for trial.

For Publication. TEX.R.CIV.P. 452(b).