**Wiley E. HILL, Appellant,**

v.

**Dr. John C. MILANI, Jr., Appellee.**

**No. 14006.**

Court of Appeals of Texas, Austin.

Sept. 12, 1984.

Rehearing Denied Oct. 17, 1984.

Marceline Lasater, Austin, for appellant.

Pierre A. Kleff, Jr., Killeen, for appellee.

Before SHANNON, EARL W. SMITH and GAMMAGE, JJ.

PER CURIAM.

Wiley E. Hill appeals from the trial court's summary judgment dismissing his medical malpractice claim against his physician, Dr. John C. Milani, Jr. The trial court granted summary judgment on the ground that the limitations provision of the Medical Liability and Insurance Improvement Act of Texas, Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Supp.1984) bars appellant's claim. We will affirm the judgment.

Appellant filed suit on November 2, 1982 against Dr. Milani and McKenna Memorial Hospital, Inc. alleging negligence in the care and treatment of a rattlesnake bite on August 24, 1980. The claim against the hospital was dismissed by order of the district court on August 3, 1983. Dr. Milani moved for summary judgment on the basis that the two-year limitations provisions of Tex.Rev.Civ.Stat.Ann. art. 5526 (Supp.1984) and art. 4590i, § 10.01 barred appellant's claim. Appellant responded that appellee's absences from the state tolled the limitations period for a period sufficient to make

appellant's petition timely pursuant to Tex. Rev.Civ.Stat. art. 5537 (1958). The parties stipulated that the only question at the hearing on the motion for summary judgment was whether art. 5537 applies to art. 4590i, § 10.01. The trial court found that art. 5537 does not apply to art. 4590i, § 10.01, that there was no genuine issue of fact involved in the limitations question, and that appellee's motion for summary judgment should be granted.

Appellant argues that the summary judgment is in error because appellee did not conclusively establish that his absences from the state did not suspend the two-year limitations period. The movant *for summary judgment must establish his entitlement to summary judgment on the issues presented by conclusive proof of his cause of action or defense as a matter of law.* *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). The only issue which appellee's motion for summary judgment raised was the affirmative defense of the two-year limitations provisions of art. 4590i, § 10.01 and art. 5526. The motion stated that the appellant did not file suit until November 2, 1982, more than two years after the cause of action arose on August 24, 1980. The non-movant must then present those issues which would defeat the movant's right to a summary judgment in a written answer or response. *Id.* at 679. By his response, appellant sought to defeat the limitations defense on the basis that art. 5537 suspends art. 4590i, § 10.01 for a period sufficient to make appellant's petition timely. When the non-movant interposes a suspension statute, such as art. 5537, the limitations defense is not conclusively established until the movant meets his burden of negating the applicability of the non-movant's defense. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975).

If art. 5537 does suspend the limitations provision of art. 4590i, § 10.01, appellee did not meet his burden of negating the appellant's defense to a grant of summary judgment. Consequently, the critical issue before this Court is whether art. 5537 applies to art. 4590i, § 10.01. Article 4590i, § 10.01 is the limitations provision applicable to the present case and provides:

> *Notwithstanding any other law,* no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed.... (emphasis added)

The preceding language is unambiguous and reflects a clear legislative intent that all health care liability claims be commenced within a two-year period. Nevertheless, appellant argues that the Supreme Court rejected a literal interpretation of § 10.01 in *Borderlon v. Peck,* 661 S.W.2d 907 (Tex.1983). The court held that § 10.01 did not abolish fraudulent concealment as an equitable estoppel to the affirmative defense of limitations under art. 4590i. *Id.* at 909. The courts, however, have distinguished cases which do not involve fraudulent concealment and found that the discovery rule does not apply to § 10.01. *Nelson v. Krusen,* 678 S.W.2d 918 (1984); *Phillips v. Sharpstown General Hospital,* 664 S.W.2d 162 (Tex.App.1983, no writ); *Neie v. Stevenson,* 663 S.W.2d 917 (Tex.App.1983, no writ). In *Nelson,* the court noted that the Legislature "intended the shorter-fixed statute of limitations to cut off the 'long tail' effect of medical malpractice claims."[1] To allow appellant to interrupt the running of the two-year period under the terms of art. 5537 produces the opposite effect. We find that the temporary absence tolling provision of art. 5537 does not apply to the two-year limitations provision of art. 4590i, § 10.01.

---

1. In *Nelson v. Krusen,* the Supreme Court discussed the limitations provision of art. 5.82, § 4 of the Insurance Code (repealed 1977 Tex.Gen. Laws, ch. 817, Pt. 4, § 41.03, at 2064). Article 4590i, § 10.01 is the successor to art. 5.82, § 4. Although § 10.01 protects a larger group of health care providers, the language of the two statutes is almost identical. Furthermore, the Supreme Court distinguished its holding in *Nelson* from that in *Borderlon* on the issues involved and not on the different limitations provisions.

In doing so, we reach a result different from that in *Valdez v. Texas Children's Hospital*, 673 S.W.2d 342 (Tex.App.—Houston[1st], 1984). The court there concluded that Tex.Rev.Civ.Stat. art. 5538 (1958) suspends the commencement of the art. 4590i, § 10.01 limitations period in the case of the death of the person in whose favor or against whom such a cause of action has accrued. The court found that both statutes have a legitimate public purpose and that their provisions do not conflict. Unlike art. 5538, however, art. 5537 does conflict with the stated purposes of art. 4590i, Tex.Rev.Civ.Stat.Ann. art. 4590i, § 1.02 (Supp.1984), and its limitations provisions.

The only tolling provision in art. 4590i is § 4.01 which provides:

(a) Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician ... against whom such claim is being made at least 60 days before the filing of a suit ... based upon a health care liability claim.

(c) Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of notice....

Appellant sent the mandatory notice to appellee on August 16, 1982, within the two-year limitations period. *Schepps v. Presbyterian Hosp. of Dallas*, 652 S.W.2d 934 (Tex.1983). Article 4590i, § 4.01(c) suspends the original two-year period for a 75-day period following the giving of notice. *Phillips*, 664 S.W.2d at 165. Although appellant may have filed a timely claim under § 4.01(c), he did not raise § 4.01(c) as an issue to defeat the summary judgment until after the trial court granted the summary judgment. The parties stipulated that the only issue before the court at the hearing on the summary judgment was whether art. 5537 applies to art. 4590i, § 10.01. Appellant should have expressly presented to the trial court any issues that would defeat appellee's right to a summary judgment. Because appellant failed to raise § 4.01(c) as an issue, he may not now assign that issue as error on appeal. Tex. R.Civ.P.Ann. 166-A(c) (Supp.1984); *City of Houston*, 589 S.W.2d at 678-9.

Appellant also argues that the trial court erred in denying his motion for rehearing on the basis of § 4.01(c). The motion for rehearing is the equivalent of a motion for a new trial. "When a motion for a new trial is filed after the summary judgment has been granted, the district court may consider only the record as it existed prior to granting the summary judgment." *Parchman v. United Liberty Life Ins. Co.*, 640 S.W.2d 694, 696 (Tex. App.1982, no writ); *Oaxaca v. R.D. Lowman*, 297 S.W.2d 729 (Tex.Civ.App.1956, writ ref'd n.r.e.). It is not an abuse of discretion for the trial court to refuse to consider material filed after the summary judgment hearing. *Jones v. Hubbard*, 302 S.W.2d 493 (Tex.Civ.App.1957, writ ref'd n.r.e.). Appellant did not raise the issue of § 4.01(c) as a bar to appellee's limitations defense prior to the entry of the summary judgment order. It was not error for the trial court to deny appellant's motion for rehearing.

We affirm the trial court's summary judgment in favor of appellee.