**Brad Lee WYATT and Joe Wyatt, Appellants,**

v.

**GENERAL MOTORS CORPORATION, Appellee.**

**Brad Lee WYATT and Joe Wyatt, Appellants,**

v.

**ANGELINA CHEVROLET–CADILLAC COMPANY, Appellee.**

Nos. 13–84–406–CV, 13–85–438–CV.

Court of Appeals of Texas, Corpus Christi.

June 18, 1985.

Rehearing Denied Aug. 30, 1985.

Sharon E. Callaway, David M. Prichard, San Antonio, for appellee, General Motors Corp.

Jack Skaggs, Jr., Brownsville, for appellee Angelina Chevrolet-Cadillac Co.

John Wm. Black, Brownsville, for appellants.

Before NYE, C.J., and BENAVIDES and BONNER, JJ.

## OPINION

BENAVIDES, Justice.

These are appeals from summary judgments entered in favor of the respective defendants in a personal injury suit. We affirm the judgments of the trial court.

Plaintiff Brad Lee Wyatt was severely injured when the car he was driving struck a horse. The car was manufactured by General Motors Corporation and purchased new from Angelina Chevrolet-Cadillac Company by Joe Wyatt.

On August 10, 1983, appellants filed suit against the respective defendants alleging breach of implied warranties and violation of the Texas Deceptive Trade Practices Act. Appellees moved for summary judgment on the grounds that all applicable statutes of limitations had expired. Each appellee's motion was granted and that cause severed from the original suit.

In their point of error, appellants allege the trial court erred in granting appellees' motions because the cause of action for breach of implied warranty accrued, and the statute of limitations began to run, at the time of Brad Wyatt's accident and not at the time Joe Wyatt bought the vehicle.

Appellants and appellees agree that our interpretation of TEX.BUS. & COMM. CODE ANN. § 2.725 (Vernon 1968) is dispositive of the appeal. As pertinent to this appeal, that statute provides:

§ 2.725. Statute of Limitations in Contracts for Sale

(a) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(b) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Appellants argue that we should engraft a discovery rule upon the statute, i.e., that their cause of action should not accrue until the plaintiffs learned of, or in the exercise of reasonable care and diligence, should have learned of the alleged breach. Given the plain English of the statute, we decline to do so. Part (b) states that the "cause of action accrues when the breach occurs, *regardless of the aggrieved party's lack of knowledge of the breach.*" The statute then specifically states that breach of warranty occurs when tender of delivery is made.

Appellants alleged in their original petitions that the automobile was sold and delivered on August 28, 1978; thus the breach, if any, occurred on that date and

the time in which to bring their suit expired August, 1982. Their suit was not filed against these appellees until August 10, 1983.[1] We hold that appellants' suit was barred by the limitations period prescribed by § 2.725. *Fitzgerald v. Caterpillar Tractor Co.*, 683 S.W.2d 162, 165–66 (Tex. App.—Fort Worth 1985, no writ); *Southerland v. Northeast Datsun, Inc.*, 659 S.W.2d 889, 892 (Tex.App.—El Paso 1983, no writ).

By way of a supplemental brief filed as a part of Cause No. 13–84–406–CV, appellants allege that § 2.725 violates the open courts provision of TEX.CONST. art. I, § 13, and is therefore unconstitutional.

 Appellee Angelina Chevrolet-Cadillac Co. argues that because no corresponding supplemental brief was filed by appellants in Cause No. 13–84–438–CV the issue is waived as to it. We agree. It would be error for this Court to reverse the trial court's judgment in the absence of properly assigned error. *Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex.1982).

Both appellees argue that such constitutional issue is waived on appeal because it was not presented to the trial court. We also agree with this latter contention. TEX.R.CIV.P. 166–A(c) provides that:

> "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."

Appellants' constitutional arguments were not presented to the trial court and are therefore waived. *Lynch v. Port of Houston Authority*, 671 S.W.2d 954, 957 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Phillips v. Sharpstown General Hospital*, 664 S.W.2d 162, 169 (Tex.App.—Houston [1st Dist.] 1983, no writ).

Even if we were to consider appellants' arguments despite their failure to comply with Rule 166–A, we would reach

the same result. Though decided in the context of a cause of action for "wrongful birth," we believe the recent case of *Nelson v. Krusen*, 678 S.W.2d 918, 923 (Tex. 1984) (opinion on motion for rehearing), stands for the proposition that a statute of limitations should not be struck down as unconstitutional merely because it might operate in an unconstitutional manner in another case.

As applied to these plaintiffs, on the facts of this case, we note that appellants had more than two years after their alleged injuries in which to file their suit, even if the four year statute of limitations period was not tolled. *See id.*

The judgments of the trial court in Cause Nos. 13–84–406–CV and 13–84–438–CV are AFFIRMED.

---

1. The accident occurred August 17, 1980 and suit was filed against the owners of the horse and others August 11, 1982.