**Frank D. KIMBALL, Appellant,**

v.

**Joe F. BROTHERS, M.D., Appellee.**

**No. 10–85–274–CV.**

Court of Appeals of Texas,
Waco.

April 24, 1986.

Rehearing Denied June 19, 1986.

John W. Donovan, Gano & Donovan, P.C., Houston, for appellant.

James E. Wren, Haley & Davis, Waca, for appellee.

OPINION

JAMES, Justice.

This is an appeal from a summary judgment in favor of Defendant-Appellee Dr. Joe F. Brothers. Plaintiff-Appellant Frank D. Kimball brought this medical malprac-

tice suit against several defendants, including Dr. Brothers. Defendant-Appellee Dr. Brothers filed a motion for summary judgment asserting that Plaintiff-Appellant Kimball's cause of action was barred by limitations under the provisions of Article 4590i, Vernon's Texas Civil Statutes, based upon the premise that any actions performed by Dr. Brothers in regard to the treatment of Plaintiff-Appellant occurred more than two years before suit was filed. The trial court granted Defendant-Appellee Dr. Brothers' motion for summary judgment, severed this portion from the remainder of the lawsuit, and then made this summary judgment a final judgment, from which Plaintiff-Appellant Kimball appeals. We affirm the trial court's judgment.

■ Plaintiff-Appellant's sole point of error is as follows: "The trial court erred in granting Dr. Joe F. Brothers' motion for summary judgment on the basis that limitations had expired prior to Plaintiff filing suit, as provided by Article 4590i, VATS."

On March 7, 1982, Plaintiff-Appellant Kimball was admitted as a patient into Providence Hospital in Waco, Texas. Surgery was recommended following diagnostic testing. On March 11, 1982, Plaintiff-Appellant was taken to surgery, where Defendant-Appellee Dr. Brothers as the anesthesiologist had difficulty intubating the patient because of the patient's inability to fully open his mouth. The intubation procedure was completed after about an hour to an hour and a half, but surgery was postponed so that Plaintiff-Appellant could recover from the effects of the extended intubation procedure, said effects being respiratory failure and cardiac insufficiency. No further surgical procedures were performed on Mr. Kimball for the remainder of his hospitalization, and he was discharged from Providence Hospital on March 17, 1982. The only day on which Dr. Brothers had any contact with Mr. Kimball or the duty of medical care toward Mr. Kimball was March 11, 1982. In other words, Dr. Brothers never saw or treated Mr. Kimball again after March 11, 1982.

On March 16, 1984, Plaintiff-Appellant Kimball sent "notice of claim" letters to various health care providers, including Dr. Brothers. Thereafter, suit was filed by Mr. Kimball on May 30, 1984, against the multiple defendants, including Dr. Brothers.

Dr. Brothers' motion for summary judgment was supported by his affidavit to the effect that the only contact he had with Plaintiff-Appellant Kimball was on March 11, 1982. In response thereto, Plaintiff-Appellant Kimball on August 13, 1984, filed his brief in opposition to Dr. Brothers' motion for summary judgment without any summary judgment evidence to controvert Dr. Brothers' summary judgment evidence.

The trial court granted the Defendant-Appellee's motion for summary judgment.

The following chronology clarifies the facts bearing upon the question of whether Mr. Kimball's cause of action has been barred by the two-year statute of limitation:

March 7, 1982: Mr. Kimball's admission into Providence Hospital.

March 11, 1982: The date the surgery was performed on Mr. Kimball, and the only date Dr. Brothers treated him.

March 11, 1984: Two years from the date of last treatment by Dr. Brothers.

March 17, 1982: Date of last treatment growing out of the surgery of March 11, 1982, and the date Mr. Kimball was discharged from Providence Hospital.

March 16, 1984: "Notice of claim" letters sent to all physicians and health care providers including Dr. Brothers.

March 30, 1984: Suit originally filed by Mr. Kimball against all defendants, including Dr. Brothers.

The period of limitations in medical malpractice cases is determined by Article 4590i, Section 10.01, Vernon's Texas Civil Statutes, which in its pertinent parts provides:

"Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medi-

cal or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; - - -."

Plaintiff-Appellant contends that the notice of claim as required by Section 4.01(a) of Article 4590i may be given within two years from any one of the following three events, depending on the circumstances surrounding each case: (1) the occurrence of the breach or tort; (2) the date the medical or health care treatment that is the subject of the claim is completed; or (3) the date the hospitalization for which the claim is made is completed. If Plaintiff-Appellant's contention is true, then his notice of claim was given within the two-year period under either (2) or (3) above. However, under (1) above, Plaintiff-Appellant's claim would be barred. We do not agree with this argument.

In our opinion the statute is clear in providing that the suit is barred if notice of claim is given two years or more after *either* (1) *or* (2) *or* (3) above. The tort in question in the case at bar had to happen on March 11, 1982, since that was the only occasion on which Dr. Brothers saw or treated Mr. Kimball. The notice of claim (under the provisions of Section 4.01 of Article 4590i) was sent to Dr. Brothers on March 16, 1984, more than two years from the date of the tort in question. If we adopted Plaintiff-Appellant's argument, we believe we would be going counter to the clear language of the statute, since the statute requires notice to be given within two years of the tort *or* the other two contingencies set out in the statute. *Morrison v. Chan* (Fort Worth CA 1984) 668 S.W.2d 483, writ dismissed; *Neie v. Stevenson* (Amarillo CA 1983) 663 S.W.2d 917, no writ; *Atha v. Polsky* (Austin CA 1984) 667 S.W.2d 307, NRE. In summary, since the notice of claim (March 16, 1984) was given more than two years from the date of the tort (March 11, 1982), we are of the opinion and hold that Plaintiff-Appellant's suit is barred by limitation, and that the trial court's judgment is correct.

■ Appellant further argues that under the provision of Section 4.01(c) of Article 4590i, Vernon's Texas Civil Statutes, the limitation period was extended 75 days. Section 4.01(c) provides as follows:

"Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties."

In other words, Plaintiff-Appellant is saying that his giving of the notice on March 16, 1984, extended the period of limitations 75 days from said date, citing *Phillips v. Sharpstown General Hospital* (Houston First CA 1983) 664 S.W.2d 162, no writ. *Phillips* is not in point because in *Phillips* the notice of claim was given *before* the two-year limitation period expired. In essence, *Phillips* holds that where the notice is given *before* the two-year limitation period has run, that the notice suspends the *running* of the limitation period for 75 days, after which the remaining period of the original two-year limitation period continues to run.

In the case at bar, notice was given *after* limitations had run, in which event Section 4.01(c) could not revive Plaintiff-Appellant's cause of action. In our opinion, the notice cannot have the effect of reviving a barred cause of action.

Judgment of the trial court is affirmed. AFFIRMED.