Bernabe **DE ROMO** and **Benjamin Romo Balderrama, Appellants,**

v.

**ST. MARY OF the PLAINS HOSPITAL FOUNDATION and Sisters of Saint Joseph of Texas d/b/a St. Mary of the Plains Hospital and Rehabilitation Center, Appellees.**

No. 07–91–0115–CV.

Court of Appeals of Texas, Amarillo.

Aug. 31, 1992.

Warren Burnett, Inc., Nancy Barbour and Abner Burnett, Odessa, for appellants.

Jones, Flygare, Galey, Brown & Wharton, P.C., John A. Flygare, Lubbock, for appellees.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

## ON MOTION FOR REHEARING

POFF, Justice.

On original submission, we reversed the take-nothing summary judgment suffered by Bernabe De Romo and Benjamin Romo Balderrama in their medical malpractice action against St. Mary of the Plains Hospital Foundation and Sisters of Saint Joseph of Texas d/b/a St. Mary of the Plains Hospital and Rehabilitation Center, and remanded the cause. By the first point of error in their motion for rehearing, the Foundation and the Hospital point out that De Romo and Balderrama have not challenged the judgment exonerating the Foundation. We agree, and to this extent, grant the motion for rehearing, but overrule rehearing points two and three by which our reversal and remand as to the Hospital is challenged. Accordingly, we resolve the appeal on the points of error originally presented by withdrawing our judgment rendered, and opinion issued, on June 12, 1992, and substitute this opinion, and accompanying judgment in lieu thereof.

On May 30, 1988, Bernabe De Romo was a patient at St. Mary of the Plains Hospital in Lubbock. During the course of a chest x-ray, De Romo fell and broke her leg. Together with Benjamin Romo Balderrama, De Romo brought a negligence suit against St. Mary of the Plains Hospital Foundation on May 4, 1990. Thus, the action was brought within two years of the occurrence of the alleged tort as is required by section 10.01 of the Medical Liability and Insurance Improvement Act. Tex.Rev.Civ.Stat. Ann. art. 4590i (Vernon Supp.1992). However, appellants had not sued the correct party.

The party sued by appellants, St. Mary of the Plains Hospital Foundation, is a non-profit corporation whose sole purpose is to accept gifts for scientific, educational and charitable purposes. St. Mary of the Plains Hospital Foundation owns no interest in any hospital and does not operate any hospital. The owner of the hospital at which De Romo was injured is Sisters of Saint Joseph of Texas d/b/a St. Mary of the Plains Hospital and Rehabilitation Center.

In its original answer filed on May 29, 1990, St. Mary of the Plains Hospital Foundation notified appellants that they had sued the wrong party and gave full disclosure as to the correct party. Appellants filed their first amended original petition on August 13, 1990, which served to add Sisters of Saint Joseph of Texas d/b/a St. Mary of the Plains Hospital and Rehabilitation Center as a defendant. The amended petition was filed two years and seventy-four days from the date of the alleged negligence. Sisters of Saint Joseph d/b/a St. Mary of the Plains Hospital and Rehabilitation Center (the Hospital) responded to appellants' amended petition by claiming that the two-year statute of limitations barred appellants' lawsuit. Subsequently, the Hospital filed a motion for summary judgment on the basis of the statute of limitations. The trial court granted the Hospital's motion for summary judgment.

In their first point of error, appellants contend that the trial court erred in granting summary judgment because they undisputedly gave notice as required by law to the Hospital within two years of the alleged tort and brought suit against the proper defendant within two years and 75 days of the alleged tort. Pursuant to section 4.01(c) of the Medical Liability and Insurance Improvement Act, Tex.Rev.Civ. Stat.Ann. art. 4590i (Vernon Supp.1992), the proper giving of notice to a physician or health care provider of a health care liability claim, serves to "toll the applicable stat-

ute of limitations to and including a period of 75 days following the giving of the notice." Appellants interpret section 4.01(c) as effectively giving them two years and seventy-five days in which to bring suit. We agree.

■■■ If notice is given before the two-year limitations period expires, the statute is tolled for a period of seventy-five days from the date of notice. *Rowntree v. Hunsucker*, 833 S.W.2d 103, 104–05 n. 2 (1992); *Roberts v. Southwest Texas Methodist Hosp.*, 811 S.W.2d 141 (Tex.App.—San Antonio 1991, writ denied). "[T]he notice suspends the running of the limitation period for seventy-five days, after which the remaining period of the original two-year limitation period continues to run." *Kimball v. Brothers*, 712 S.W.2d 538, 540 (Tex.App.—Waco 1986), *aff'd*, 741 S.W.2d 370 (Tex.1987); *see Phillips v. Sharpstown Gen. Hosp.*, 664 S.W.2d 162, 164–66 (Tex.App.—Houston [1st Dist.] 1983, no writ). The statute of limitations is tolled for seventy-five days no matter when during the two-year limitations period notice is given. *See Rhodes v. McCarron*, 763 S.W.2d 518 (Tex.App.—Amarillo 1988, writ denied).

In *Rhodes*, the plaintiff, Kevin Rhodes, was involved in an automobile accident and admitted to the hospital. He was released from the hospital on August 4, 1984. Rhodes gave notice of a health care liability claim on September 17, 1985—more than ten months before August 4, 1986, the date the two-year statute of limitations would have expired. In an unequivocal opinion by Chief Justice Reynolds, this court held as follows:

> The 17 September 1985 notice of claims Rhodes sent to Dr. McCarron's three co-defendant doctors served to toll the two-year statute of limitations for a period of 75 days as to them and to Dr. McCarron,

a potential party. Thus, the period of time within which Rhodes was required to file his suit against Dr. McCarron was two years and 75 days from 4 August 1984, *i.e.*, not later than 18 October 1986; otherwise, Rhodes would suffer the bar of limitations upon the doctor's invocation of it as a defense.

*Id.* at 522–23 (citation omitted). Appellees' primary contention that the 75–day tolling provision applies only in those cases where notice is given within 60 days immediately prior to the expiration of the limitations period is clearly at odds with the unmistakable pronouncement of this court.[1]

■■■ In a secondary contention, appellees argue that section 10.01 of the Medical Liability and Insurance Act, Tex.Rev.Civ. Stat.Ann. art. 4590i (Vernon Supp.1992), has been interpreted as providing for an *absolute* two-year statute of limitations in medical malpractice cases. *See Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985). In *Rhodes*, we explicitly recognized that in its enactment of section 10.01, the Legislature adopted an absolute two-year limitations period. *See Rhodes v. McCarron*, 763 S.W.2d at 521. However, we declined to interpret that language as meaning the two-year statute could never be tolled, declaring:

> Nevertheless, the Legislature, in furtherance of its effort to encourage pre-suit negotiations to avoid excessive cost of litigation by providing for a mandatory 60–day–before–suit notice in section 4.01(a), contemporaneously provided in section 4.01(c) that the notice shall toll the two-year limitations period for "75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties."

*Id.* at 518 (citation omitted). Our interpretation is consistent with that of the Su-

---

1. Appellees' contention is also at odds with the opinion of a leading medical malpractice commentator who, prior to *Rhodes* declared:

   Although *Phillips* [*v. Sharpstown Gen. Hosp.*, 664 S.W.2d 162 (Tex.App.—Houston [1st Dist.] 1983, no writ)] speaks of the limitations being suspended for seventy-five days when notice is given during the last sixty days before the statute runs, the statute itself does not

   contain any such restriction, and it would seem logical that the reasoning of *Phillips* should apply no matter when the notice is given.

   Darrell L. Keith, *The Texas Medical Liability and Insurance Improvement Act—A Survey and Analysis of its History, Construction and Constitutionality*, 36 Baylor L.Rev. 265, 282 n. 109 (1984).

preme Court of Texas. *See Hill v. Milani,* 686 S.W.2d 610, 611 (Tex.1985) (limited tolling provisions are contained in the Medical Liability and Insurance Improvement Act which suspend the statute during minority, § 10.01, and upon the giving of notice, § 4.01(c)).

The flaw in appellees' secondary contention is readily apparent for if the two-year statute of limitations was truly "absolute," even notice of a health care liability claim filed within 60 days of the running of the statute of limitations would not serve to toll the limitations for 75 days. Appellees, of course, do not contend that this is the case for such a contention would run counter to a veritable legion of cases. *See, e.g., Parker v. Yen,* 823 S.W.2d 359, 363 (Tex. App.—Dallas 1991, no writ); *Hill v. Milani,* 678 S.W.2d 203, 205 (Tex.App.—Austin 1984), *aff'd,* 686 S.W.2d 610 (Tex.1985); *Phillips v. Sharpstown Gen. Hosp.,* 664 S.W.2d at 164–66.

Here, appellants properly notified the Hospital of their claim ten and one half months before the two-year limitations period would have expired. This notice tolled the statute of limitations for seventy-five days, effectively creating a two year and seventy-five day statute of limitations. Because appellants sued the Hospital within two years and seventy-five days of the alleged tort, the statute of limitations does not bar their action. Point of error one is sustained.

Our sustention of appellants' first point of error obviates the need to discuss their second point of error. The judgment in favor of St. Mary of the Plains Hospital Foundation is severed and affirmed. The judgment in favor of Sisters of Saint Joseph of Texas d/b/a St. Mary of the Plains Hospital and Rehabilitation Center is reversed and the cause is remanded to the trial court for further proceedings.

DODSON, J., concurring and dissenting.

DODSON, Justice, concurring and dissenting.

The initial opinion in this cause, rendered on June 12, 1992, reversed the trial court's judgment and remanded the cause. On June 26, 1992, appellees filed a motion for rehearing advancing three points of error. By written opinion, a majority of the panel sustained appellees' first point of error, severed the cause of action against appellee, St. Mary of the Plains Hospital Foundation, and affirmed the trial court's take nothing summary judgment as to that entity. However, a majority of the panel overruled appellees' second and third points of error, withdrew the initial opinion and accompanying judgment, rendered a second opinion and accompanying judgment sustaining appellants' first point of error in their initial brief, and reversed and remanded as to appellee, Sisters of Saint Joseph of Texas d/b/a St. Mary of the Plains Hospital and Rehabilitation Center.

I would sustain appellees' first, second and third points of error on rehearing. Further, I would overrule appellants' first and second points of error in their original brief and affirm the trial court's take nothing summary judgment on appellants' cause of action against appellees, Sisters of Saint Joseph of Texas d/b/a St. Mary of the Plains Hospital and Rehabilitation Center and St. Mary of the Plains Hospital Foundation.

Accordingly, I will address the two points of error advanced in appellants' initial brief. Appellants' first point of error required us to construe sections 4.01(a), (b), and (c) of Article 4590i. These sections provide:

Sec. 4.01 (a) Any person or his authorized agent asserting a health care liability claim *shall give written notice of such claim* by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made *at least 60 days before the filing of a suit in any court of this state* based upon a health care liability claim.

(b) *In such pleadings* as are subsequently filed in any court, *each party shall state that it has fully complied with the provisions of this section* and shall provide such evidence thereof as the judge of the court may require to determine if the provisions of this Act have been met.

(c) *Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice,* and this tolling shall apply to all parties and potential parties. (Emphasis added). Tex.Rev.Civ.Stat.Ann. art. 4590i (Vernon Supp.1992).

Section (a) requires 60 days notice before filing suit, section (b) states pleading and evidentiary requirements and section (c) contains the seventy-five day tolling provision. Additionally, I note that section 10.01 of Article 4590i provides a two-year limitation period for bringing a health care liability claim.

Appellants contend when the required notice is given at anytime within the two-year limitation period, the statutory period is tolled for seventy-five days. Thus, allowing a period of two years and seventy-five days from the date of the occurrence of the alleged tort in which to sue the proper defendant. The majority accepts this position.

I disagree. I am persuaded section 4.01(c) applies only in those situations where the required notice, for any reason, is given within the sixty days immediately before the limitation period expires.

When construing a statute, the fundamental rule of construction is to ascertain the legislative intent and give effect to the purpose of the legislature. *See State v. Terrell,* 588 S.W.2d 784, 786 (Tex.1979); *Railroad Commission v. Shell Oil Co.,* 146 Tex. 286, 206 S.W.2d 235, 241 (1947); *Ezell v. Knapp & Elliott,* 120 Tex. 503, 39 S.W.2d 829, 831 (1931); and *State v. Estate of Loomis,* 553 S.W.2d 166, 169 (Tex.Civ. App.—Tyler 1977, writ ref'd.). In *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex. 1985), the Court acknowledged the legislative purpose of the act by the following language:

> The Legislature enacted the Medical Liability and Insurance Improvement Act to alleviate a perceived medical malpractice insurance crisis in the State of Texas. In an effort to accomplish this goal, the Legislature adopted an *absolute two-*

*year limitations period.* (Emphasis added).

I believe the Court's language could legitimately be extended to include: the Legislature adopted an absolute two-year limitation period with a seventy-five day tolling period for an action brought when the required notice was given within sixty days of the expiration of the limitation period. This construction gives effect to the seventy-five day tolling provision without converting the statute into an absolute two year and seventy-five day limitation period, as construed by the majority.

I am persuaded the Legislature's purpose and intent was to prevent the notice provision from violating the "open courts" provision of the Texas Constitution. I disagree with the determination of the majority that the Legislature intended to create an automatic (*i.e.,* absolute) two year and seventy-five days period of limitation, without regard to when the required notice is given. Consequently, I would overrule the first point of error in appellants' initial brief.

In their second point of error, appellants argued summary judgment was improper because a material fact issue existed as to whether the "Hospital" was prejudiced when appellants initially sued and served a "Foundation" with a substantially similar name. The agent of service and attorney of record were the same for both the "Hospital" and the "Foundation". Appellants further asserted absent a showing of prejudice, the subsequent pleading naming the "Hospital" as a defendant relates back to the pleading in which the "Foundation" was sued. I disagree.

Texas courts have recognized a distinction between misnomer and misidentification. *Enserch Corp. v. Parker,* 794 S.W.2d 2, 4–5 (Tex.1990). Concerning misnomer, the Court in *Enserch Corp. v. Parker, Id.,* stated:

> "If the plaintiff *merely misnames* the correct defendant (misnomer), *limitations is tolled* and a subsequent amendment of the petition relates back to the date of the original petition." (Emphasis added).

Concerning misidentification, the Court stated:

"If, however, the plaintiff is mistaken as to which of two defendants is the correct one and there is actually existing a corporation with the name of the erroneously named defendant (misidentification), then the plaintiff has sued the wrong party and limitations is not tolled."

In this instance, appellants simply sued the wrong party in their original petition. Appellants initially sued the "Foundation" which is a separate legal entity. Therefore, the instant case is one of misidentification rather than misnomer.

For the plaintiff to prevent a summary judgment in a misidentification case, he must plead and prove by the summary judgment evidence the proper defendant was not prejudiced by the mistake in pleading. *See Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828 (Tex.1975); and *Enserch Corp. v. Parker,* 794 S.W.2d 2, 5–6 (Tex.1990). Here, appellants raised the matter of "no prejudice" for the first time on appeal. Since the "no prejudice" claim was absent from appellants' response to the motion for summary judgment, the claim cannot be raised on appeal. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Moreover, appellants' have failed to present any evidence by affidavit, or otherwise on the "no prejudice" claims. Consequently, I would overrule appellants' second point of error.

In summary, I would grant appellees' motion for rehearing, overrule appellants' points of error on appeal, and affirm the judgment of the trial court.