## T. A. EZELL v. KNAPP & ELLIOTT.

No. 5685. Decided June 10, 1931.
(39 S. W., 2d Series, 829.)

*Beall, Beall & Beall,* for appellant.

We submit that the trial court in overruling appellant's motion to file a new and amended appeal bond in lieu of and substituting the original appeal bond filed in this case erred for the reason that article 1840 of the Revised Civil Statutes of Texas, 1925, provides, "When there is a defect of substance of form in *any* appeal or writ of error bond, then on motion to dismiss the same for such defect, the *appellate court* may allow the same to be amended by filing in such *appellate court* a new bond, on such terms as the Court may prescribe."

Prior to 1925, article 1609, which was brought forward in the Revised Civil Statutes of 1925 as article 1840, provided "When there is a defect of substance or form in any appeal or writ of error bond, on motion to dismiss the same for such defect, the court may allow the same to be amended by filing in said Courts of Civil Appeals a new bond, on such terms as the court may prescribe". Brought forward in the Revised Statutes of 1925, the words "in said Courts of Civil Appeals" are omitted, but the term "Appellate Court" is inserted, and it appears to have been clearly the intention of the Legislature that said article should apply to any and all appeal bonds or writ of error bonds which may be defective of substance or form, and if so, then upon motion to dismiss, the appellate court, not the Courts of Civil Appeals alone, but the appellate court, may allow the same to be amended by filing a new bond as such appellate court may prescribe. By "appellate court" is meant that court which is vested with the power to review and affirm, reverse or modify the judgment or decision of another tribunal or court from whence the appeal was perfected. Wilson v. N. O. T. & M. Ry. Co., 289 S. W., 300.

We would further show to this court that article 1840 applies to appeal bonds given in appeals from the justice court to the county court for the reason that article 2381, Revised Civil Statutes, 1925, provides as follows:

"The rules governing the district courts shall also govern the justice courts, in so far as they can be applied, in the following cases.

"6. Whenever the mode of proceeding in any particular case or matter is not prescribed by the provisions of this title, or of some other law or title specifically relating thereto."

*T. Vard Woodruff,* for appellees.

When an appeal bond from justice court to the county court is admitted to be defective and the county court has sustained a motion to quash same, there is no law in this state authorizing the filing of an amended appeal bond, since the 1925 recodification of the Civil Statutes

of this state which omits article 2104, of 1914 statutes specially applying to appeals from justice to county courts, and contains the general repealing clause section 2, final title, 1925. N. O. T. & M. Ry. v. Wilson, 298 S. W., 300; Dillard v. First Nat. Bank, 143 S. W., 682, 683; Briggs v. Buckner, 19 S. W. (2d) 190.

Mr. Commissioner SHARP delivered the opinion of the court.

This cause is before the Supreme Court upon the following certificate from the Honorable Court of Civil Appeals of the Eleventh District:

"The above cause is pending in this court on motion for rehearing. Appellees recovered a judgment against appellant in the Justice Court of Precinct No. 1, Nolan County. Within due time appellant filed with the justice of the peace an appeal bond, which was approved by him, and a transcript of the proceedings in the justice court prepared and filed in the County Court of Nolan County. After the case was filed in the County Court appellees filed a motion to quash the appeal bond and dismiss the appeal on the ground that the bond was defective. Before this motion was acted upon in that court appellant filed his motion for permission to file a new and amended bond. The court overruled appellant's motion, but sustained the motion of appellees and entered its judgment quashing the appeal bond, dismissing the cause and adjudging all costs in the county court against appellant. The appeal is from that judgment.

"Omitting formal parts, the motion to dismiss was as follows:

" '1. Plaintiffs would show to the Court that the purported appeal bond filed herein by the defendant does not comply with the provisions of Art. 2456, Revised Statutes of 1925, in that said appeal bond is not in double the amount of the judgment; said judgment in said Justice Court having been for the sum of $179.80, together with interest thereon from July 13, A. D. 1928, at the rate of six per cent per annum. Judgment was rendered on March 1, 1929, and the interest on said amount up to March 1, 1929, amounted to the sum of $6.75, thereby making the true and correct amount of said judgment the sum of $186.55. That said purported appeal bond is for the sum of only $359.60, when under the law, in order to support an appeal to this court said bond should be for the sum of at least $373.10. * * *

" '2. Plaintiffs would further show to the court that the purported appeal bond filed herein by the defendant is not made payable to all the appellees as required by law, in that the said bond is payable to Knapp & Elliott, whereas, T. K. Knapp and Frank Elliott are the appellees herein, and there being no such person in law as Knapp & Elliott.

" 'Wherefore, plaintiffs say that said purported appeal bond is insufficient in law to support an appeal to this court, and they ask that said bond be quashed and this appeal be dismissed.'

In the case of Briggs et al. v. Buckner, 19 S. W. (2d) 190, it was held by the Texarkana Court of Civil Appeals that Art. 1840, R. S.,

1925, providing that courts may allow defective appeal bonds to be amended, applies only to appeals to courts of civil appeals. Some of the members of this court question the correctness of the conclusions announced in that case. We therefore deem it advisable, on motion of appellees, to certify to Your Honorable Court the following questions:

" '1. Are the provisions of Art. 1840, R. S., 1925, applicable to an appeal from the justice court to the county court?'

" '2. If not, has the county court the power, independent of any statutory provisions, to permit the filing of an amended bond to cure such defects as are pointed out in the motion above copied?' "

As shown by the foregoing certificate, the construction of article 1840, R. S., 1925, is involved. A brief history of the matters embraced within article 1840 will be helpful in reaching a decision.

The old article 1025 in the Revised Statutes of 1895, reads:

"When there is a defect of substance or form in any appeal or writ of error bond, on motion to dismiss the same for such defect the court may allow the same to be amended by filing in the said courts of civil appeals a new bond, on such terms as the court may prescribe."

Article 1025 was brought forward in the codification of the laws as article 1609 in the Revised Civil Statutes of 1911.

In 1905 the Legislature adopted the following:

"When an appeal has been or shall be taken from the judgment of any of the courts of this state by filing a bond or entering into a recognizance within the time prescribed by law, in such cases and it shall be determined by the court to which appeal is taken that such bond or recognizance is defective in form or substance, such appellate court may allow the appellant to amend such bond or recognizance by filing a new bond on such terms as the court may prescribe."

The foregoing act enacted by the Legislature in 1905, above quoted, was brought forward as article 2104 in the codification of the Revised Statutes of 1911.

In 1925 the statutes of this state were again codified and adopted by the Legislature and known as the Revised Civil Statutes of Texas. As a result of the work of the codifiers, article 1840, R. S., 1925, was adopted and reads:

"When there is a defect of substance or form in any appeal or writ of error bond, then on motion to dismiss the same for such defect, the appellate court may allow the same to be amended by filing in such appellate court a new bond, on such terms as the court may prescribe."

It will be observed that article 1840 is a modification of both articles 1609 and 2104 contained in the Revised Statutes of 1911. Article 1609 provided that "the court may allow the same to be amended by filing in the said courts of civil appeals a new bond on such terms as the court may prescribe." In article 1840 of R. S., 1925, the words "courts of

civil appeals" are omitted and it is provided that "the appellate court may allow the same to be amended by filing in such appellate court a new bond on such terms as the court may prescribe."

The specific question for decision is: What was the intention of the Legislature in enacting article 1840, supra?

The fundamental rule in the construction of a statute is to give effect to the intention of the Legislature. The rule is correctly stated in 25 R. C. L., page 960, sec. 216, as follows:

"In the interpretation and construction of statutes the primary rule is to ascertain and give effect to the intention of the legislature. As has frequently been stated in effect, the intention of the legislature constitutes the law. All rules for the interpretation and construction of statutes of doubtful meaning have for their sole object the discovery of the legislative intent, and they are valuable only in so far as, in their application, they enable us the better to ascertain and give effect to that intent." See 36 Cyc., p. 1106, sec. 2. The Legislature of Texas announced in article 10, R. S., 1925, for the construction of laws certain rules, among which are the following:

"6. In all interpretations, the court shall look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil and the remedy."

"8. The rule of the common law that statutes in derogation thereof shall be strictly construed shall have no application to the Revised Statutes; but the said statutes shall constitute the law of this State respecting the subjects to which they relate; and the provisions thereof shall be liberally construed with a view to effect their objects and to promote justice."

When we consider the history of articles 1025, 1609, 2104 and 1840, the purposes for which they were enacted, the changing of the language as shown in article 1840, embracing within said article all of the rights and remedies provided for in the old articles, clearly shows that it was the intention of the Legislature to retain all the rights and remedies given litigants in the articles of the statute for which article 1840 was a substitute. By omitting article 2104 and changing the language of article 1609, as shown in article 1840, plainly indicates that the Legislature did not intend to repeal any of the rights and remedies given in article 2104. The fact that article 1840 is placed under the title with reference to the courts of civil appeals is not controlling. It is quite evident that the two articles were merged for the sake of brevity.

We recommend that question No. 1 be answered "Yes".

The answer made to question No. 1 renders an answer to question No. 2 unnecessary.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. CURETON, Chief Justice.