## WHITFIELD v. BRUCE.

### No. 5535.

Court of Civil Appeals of Texas.
Texarkana.

April 4, 1940.

Shelburne H. Glover, of Jefferson, for appellant.

G. De Graffenried, of Marshall, for appellee.

PER CURIAM.

This is an appeal from a judgment of the County Court of Harrison County, Texas, dismissing an application for a writ of certiorari filed by appellant in an effort to have transferred to said court for trial de novo a suit brought by appellee, J. R. Bruce, against appellant, W. C. Whitfield, in the Justice Court of Precinct No. 3, Harrison County, in which judgment had been rendered by default in favor of Bruce against Whitfield.

The record indicates that almost every phase of our procedural law governing the practice in our justice courts, including practice by agreement, arose in some fashion during the proceedings in the courts below. It appears that suit was instituted by appellee, Bruce, as plaintiff, by written petition in which he also reserved the right to plead orally; that defendant filed a plea of privilege to be sued in the Justice Court of Precinct No. 3 in Marion County; that controverting affidavit was filed thereto; that the plea was overruled; that defendant filed written answer, including plea of limitation under both the two and four year statutes; that trial on the merits was then postponed followed by some negotiations about the date of trial; and that judgment was later rendered by default in favor of appellee, which appellant contends was done without notice to him or his attorney. In the progress of

the proceedings appellee sued out a writ of sequestration which was levied on part of the personal property involved, whereupon appellant replevied the two animals which the sheriff was able to find.

The principal res or causa belli of this suit is a black Shetland mare of uncertain age and two of her offspring, styled colts in the record, one of which was more than two years old at the time of the institution of the suit in 1937, and the other at least one year old. We are not informed as to the gender of these colts, or whether they inherited the complexion of their mother, or whether they turned out to be blondes, said to be more dangerous of the species. Neither are we furnished the name of her colts; in fact, it is to be inferred that they do not have the same paternal ancestor. Whether or not the mother of this family has a name or registered pedigree is not disclosed. This omission is doubtless due to an oversight since it is alleged that each of the parties have become so attached to her as to make it almost impossible to give her up.

It is alleged that appellee, Bruce, at some date not shown, in consideration of her board and keep, turned the black Shetland mare over to Vernon Hillard, a resident of said county, to be kept until called for. It is a fair inference that the animal must have been along in years since such disposition is the fate of some elderly people. The petition shows that thereafter appellee borrowed $25 from Hillard and agreed to repay it when he called for the mare; that subsequently Hillard had no further use for the mare and he turned it over to one Barber, also of Harrison County, who paid Hillard $25, appellee agreeing to the assignment and promising to pay Barber the $25 when he called for the mare; that Barber thereafter transferred possession of the animal to appellant under the same arrangement, also agreed to by appellee. Thereupon the plot thickens. It is alleged that appellant desired to breed the mare, provided appellee would pay the "stud" fee, which he agreed to do. We are not given the description of the offspring, but at least it must have been promising since the operation was repeated the following year. Again we are deprived of description of the second offspring; evidently one must have been a "woods colt" since it appears that it could not be found by the sheriff.

Appellee in his petition admitted that he owed appellant $25, money borrowed, and $5 for each of the colts, a total of $35 which he alleged he had tendered to appellant at the time he demanded possession of the animals, and which he again tendered in his pleadings. He claims appellant denied him possession of his mare and her progeny, and in effect scorned the offer of the amount tendered. As already indicated, we are left in doubt as to the present whereabouts of the animals or whether they are living or dead. But the record does show that appellee, after offering to pay appellant $35, secured a judgment by default for the possession of one mare and one colt, and in the alternative, their value of $100, and the further value of $50, the alleged value of the other colt, which undoubtedly escaped to avoid the notoriety of this litigation.

The county judge of Harrison County exercised the functions of his office by granting appellant's application for writ of certiorari and had the record brought before his court, but on motion of appellee dismissed the writ. The record is now before us on four assignments of error: (1) That the justice court erred in overruling appellant's plea of privilege; (2) that the said court erred in rendering judgment by default against appellant; (3) that said court erred in refusing to permit appellant to file an amended bond; and (4) that the county court erred in dismissing the writ of certiorari.

The first two assignments of error will not be discussed as this is an appeal from an order dismissing the writ of certiorari in the county court. The latter two assignments will be considered together. The application for the writ of certiorari was filed within the statutory time as provided in Article 946, R.C.S. The application for the writ shows good cause under Article 945 for removal of the case to the county court. The bond timely filed by applicant, made payable to Bruce in the amount designated by the county judge (Article 947), was defective as to form. Applicant thereupon asked leave to file a substitute or amended bond in the proper sum, and conditioned as required by law. This the court refused and dismissed the writ of certiorari. This was error. 26 T.J. 908, Sec. 106; Ezell v. Knapp & Elliott, 120 Tex. 503, 39 S.W.2d 829.

The judgment of the trial court is reversed and the cause remanded.