Leta TAYLOR and J.Y. Taylor Manufacturing Company, Appellants,

v.

David JOHNSON, Appellee.

No. 11–84–126–CV.

Court of Appeals of Texas, Eastland.

Aug. 23, 1984.

Rehearing Denied Sept. 20, 1984.

---

**3.** *Commercial Credit does not point us to evidence in the record establishing that amount, if* any.

Randel B. Gibbs, Law Office of Earl Luna, P.C., Dallas, for appellants.

Ric L. Floyd, Smith, Underwood, Carmichael & Floyd, Dallas, for appellee.

McCLOUD, Chief Justice.

David Johnson sued Leta Taylor, his aunt, and J.Y. Taylor Manufacturing Company alleging claims for anticipatory breach of an oral contract to make a will or devise and common law fraud. Defendants denied the claims and filed two counterclaims for loans made to the plaintiff. The trial court entered judgment in favor of plaintiff for $846,266.61. Defendants prevailed on one of their two counterclaims. Defendants appeal. We reverse and render in part, and affirm in part.

Plaintiff testified that in early July 1981 defendant Leta Taylor orally promised to devise to plaintiff controlling interest in the family-owned defendant company if he would accept a position with the company.[1] Plaintiff accepted the offer. In August 1981, plaintiff left his position as a tenured professor with Iowa State University and began working for the J.Y. Taylor Manufacturing Company in reliance upon his oral agreement with Taylor. Plaintiff stated that in June 1982 Leta Taylor informed him that she intended to sell the company to a third party. Plaintiff confronted her

---

1. Plaintiff was also to receive: the positions of executive vice-president and director with the company, a $50,000 life insurance policy, a salary of $50,000 per year, a no-interest loan for a down payment on a new house, expenses for selling his house in Iowa, moving expenses to Texas, and a transfer of some of Leta Taylor's stock in the company before her death.

with their agreement. Leta Taylor denied making the agreement and terminated his employment. Leta Taylor testified that she "never decided to sell [the company] at any time."

Defendants' first point of error concerns plaintiff's action for anticipatory breach of contract. The jury found in Special Issue No. 1 that Leta Taylor promised plaintiff that she would transfer to plaintiff upon her death controlling stock ownership in J.Y. Taylor Manufacturing Company if he would accept a position of employment, and that she repudiated and refused to honor the agreement. Defendants urge that the trial court erred in failing to grant their motion for instructed verdict because there was no probative evidence of a contract to make a will or devise.

■■■ TEX.PROBATE CODE sec. 59A (Vernon 1980)[2] provides in part:

(a) A contract to make a will or devise, or not to revoke a will or devise, if executed or entered into on or after September 1, 1979, can be established only by provisions of a will stating that a contract does exist and stating the material provisions of the contract.

The instant oral agreement was entered into after September 1, 1979. Plaintiff sought to establish the contract by oral testimony and by an unexecuted written draft of Leta Taylor's will. Consequently, after viewing the evidence in the light most favorable to the judgment we hold that there is no probative evidence of a contract to make a will or devise pursuant to Section 59A and that the trial court erred in not granting defendants' motion for in-

structed verdict. We sustain defendants' first point of error.

Defendants' point of error number 19 addresses plaintiff's claim for common law fraud. They urge that the trial court erred in rendering judgment on Special Issue No. 2 because it is not a controlling issue. We agree.

Special Issue No. 2 provides:

Do you find that Leta Taylor represented to David Johnson that she would transfer to him controlling ownership of J.Y. Taylor Manufacturing Company upon her death, that it was made with the intent to induce him to accept employment, was material to his decision to accept employment, was relied upon by him, and that the representation was false at the time it was made or was made recklessly?

The jury answered "yes."

■■■ Before a promise to do something in the future can be actionable fraud, the plaintiff must plead and prove that the promise was made with a present intent not to perform. *Stanfield v. O'Boyle*, 462 S.W.2d 270 (Tex.1971); *Chancellors Racquet Club v. Schwarz*, 661 S.W.2d 194 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). Special Issue No. 2 fails to include this essential element. Therefore, Special Issue No. 2 is not a controlling issue.[3]

Plaintiff argues that the finding that the representation was made "recklessly" will support the judgment pursuant to *Trenholm v. Ratcliff*, 646 S.W.2d 927 (Tex. 1983). We disagree. *Trenholm* is not controlling because it is concerned with "opin-

---

2. We are not persuaded, as urged by plaintiff, that Section 59A applies only to probate proceedings. The language of Section 59A does not limit its applicability. A plain and unambiguous statute will be given a literal interpretation. *Brazos River Authority v. City of Graham*, 354 S.W.2d 99 (Tex.1961). See also *Ezell v. Knapp & Elliott*, 120 Tex. 503, 39 S.W.2d 829 (1931) (particular title under which statute was organized did not limit its application to the subject of the title); TEX.REV.CIV.STAT.ANN. art. 5429b–2, sec. 3.04 (Vernon Supp.1984) ("Title, subtitle, chapter, subchapter, and section captions do not limit or expand the meaning of any statute.").

3. We note that the jury answered "No" to Special Issue No. 3 which asked:

Do you find that Leta Taylor promised David Johnson that she would transfer to him controlling ownership of J.Y. Taylor Manufacturing Company upon her death, that it was made with the intent to induce him to accept employment, was material to his decision to accept employment, was relied upon by him, *and was made with the intention at the time made of not fulfilling it?* (Emphasis added)

ions" and not "promises to do something in the future." We sustain defendants' point of error number 19.

■ In the twenty-eighth point the defendants urge that the trial court erred in failing to render judgment non obstante veredicto on their unsuccessful counterclaim because there was no evidence to support the answer to Special Issue No. 7. We disagree.

Special Issue No. 7 provides:

Do you find that Leta Taylor loaned David Johnson the sum of $25,000 for the purchase of a lot adjacent to the manufacturing plant?

The jury answered "no."

Plaintiff testified the money was a gift because "[I]f they tell me to buy some land and hand me a check to buy it, [and] we don't have any discussion whatsoever about any interest terms or anything else, I don't know what else I could assume." We hold there is some evidence to support the jury's answer. Accordingly, the trial court could not render a judgment non obstante veredicto. See *Murray Corporation of Maryland v. Brooks*, 600 S.W.2d 897 (Tex. Civ.App.—Tyler 1980, writ ref'd n.r.e.). Defendants' point of error number 28 is overruled.

■ Defendants assert in point of error number 29 that the trial court erred in failing to submit their eighth requested instruction with Special Issue No. 7. We disagree.

The instruction provided:

You are instructed that a loan becomes "due and payable" upon the happening of any of the following events:

1. The date agreed on by the borrower and lender has passed.
2. The conditions, if any, agreed to by the borrower and lender have occurred.
3. If no specific time or conditions for repayment were agreed to by the borrower and lender, the loan is due and payable when made.

The defendants contend that without part three of the proposed instruction the jury

"probably believed" the loan referred to in Special Issue No. 7 was a gift because the loan did not have a specific repayment date. We hold the instruction was not necessary for the jury to render a proper verdict. See *Thomas v. St. Joseph Hospital*, 618 S.W.2d 791 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); TEX. R.CIV.P. 277. Defendants' point of error number 29 is overruled.

Under the last two points of error, the defendants assert that the plaintiff was not entitled to attorney's fees. We agree.

■ Plaintiff is not entitled to the attorney's fees he pled for under TEX.REV.CIV. STAT.ANN. art. 2226 (Vernon Supp.1984) unless his contract claim is valid and successful. See *Davis Masonry, Inc. v. B–F–W Construction Co., Inc.*, 639 S.W.2d 448 (Tex.1982) (per curiam). We sustain the last two points of error.

The judgment of the trial court is reversed and rendered as to all matters except the two counterclaims filed by defendants, and as to the counterclaims the judgment of the trial court is affirmed.