**CLIFF MANAGEMENT CORPORATION, Appellant,**

v.

**Edd M. LOVELL, Appellee.**

**No. 10–85–026–CV.**

Court of Appeals of Texas, Waco.

July 18, 1985.

William T. Ward, Coleman & Ward, Garland, for appellant.

Jack O. Norman, Robinson & Smith, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from summary judgment that it take nothing in a suit for specific performance of a contract to convey certain real estate.

Plaintiff sued defendant alleging the parties executed a contract by which defendant agreed to convey certain real estate in Dallas County to plaintiff and prayed for specific performance of such contract or in the alternative reformation of same. Defendant answered among other matters that the contract was unenforceable in that it did not contain a description of the property to be conveyed. Defendant counterclaimed for removal of cloud on his property; and prayed plaintiff take nothing.

Thereafter defendant filed motion for summary judgment that plaintiff take nothing.

The record reflects the trial court had before it affidavits, depositions of plaintiff, defendant and Bobby R. Prickett.

The trial court granted defendant's motion for summary judgment and decreed that plaintiff take nothing, and further ordered all documents as liens, contracts or lis pendens, filed of record, evidencing the transaction between the parties be released.

Plaintiff appeals on one point: "The trial court erred in recognizing the Texas Statute of Frauds as an absolute bar to plaintiff's cause of action for reformation on specific performance."

As noted the record recites that there were at least three depositions before the trial court as a portion of the summary judgment evidence and record. No depositions have been brought forward as a part of the record on appeal which is plaintiff's (appellant's) burden.

We cannot decide from the incomplete record before us that the judgment is erroneous. It is presumed the omitted depositions establish the correctness of the judgment. *Alexander v. Bank of American National Trust and Savings Association,* CCA (Waco) Er.Ref., 401 S.W.2d 688; *Hassell v. New England Mutual Life Insurance Co.,* CCA (Waco) Er.Ref., 506 S.W.2d 727; *DeBell v. Texas General Realty, Inc.,* CCA (Houston 14) NWH, 609 S.W.2d 892.

Plaintiff's (Appellant's) point is overruled.

AFFIRMED.