**Bruno WOLF, Appellant,**

v.

**Jesus Diez Sollano FERNANDEZ, et al., Appellees.**

**No. 04–86–00015–CV.**

Court of Appeals of Texas, San Antonio.

June 30, 1987.

Rehearing Denied July 24, 1987.

C.M. Zaffirini, Julio Garcia, Guadalupe Castillo, Laredo, for appellant.

J.G. "Bumper" Hornberger, Jr., Dallas, for appellees.

Before CADENA, and DIAL and CHAPA, JJ.

## OPINION

DIAL, Justice.

This is a breach of contract and fraud suit arising out of an alleged five year oral employment contract. Appellant Bruno Wolf sued six (6) corporations and three (3) individuals. The trial court granted appellees' motion for summary judgment as to the breach of contract issue based on the statute of frauds. TEX.BUS. & COM. CODE ANN. § 26.01 (Vernon 1968 & Supp. 1987). The fraud issue proceeded to trial before a jury. After Wolf rested his case, the trial court granted the corporate defendants' motion for instructed verdict and denied same as to the three individual defendants, Jesus Diez Sollano Fernandez, Jesus Diez Sollano Sada, and Luis Torres. Ten special issues were submitted to the jury on the fraud theory. The trial court initially entered judgment on the verdict awarding Wolf $250,000.00 actual damages and $100,000.00 exemplary damages. This judgment was subsequently vacated by the trial court, and a take nothing judgment entered. The grant of summary judgment was not memorialized until the order granting motion to vacate judgment was signed by the trial court.

Appellant raises three points of error. In his first point appellant claims that the trial court erred in granting summary judgment in favor of all of the defendants on his breach of contract claim on the basis of subsection (b)(6) of the statute of frauds. This provision requires that an agreement that is not to be performed within one year of the date of making the agreement must be in writing and signed by the person to be charged with the agreement in order to be enforceable. Appellant claims that the contract in the instant case is not within the statute of frauds because the employment was to cease on a contingency which might happen within one year. He claims that appellees had the right at any time to purchase all of his stock in the corporation to be formed under the terms of the alleged oral agreement and that upon such purchase, his employment would cease.

Appellees recite in their brief that the summary judgment proof in this case included the oral depositions of Jesus Diez Sollano Fernandez, Jesus Diez Sollano Sada, Bruno Wolf and H.C. Hall, III. The record before us contains only the deposition of Luis Torres Arias which was read into evidence during the trial. There is no concession by appellees or other indication in the record that this deposition is part of the summary judgment proof.

We cannot decide from the incomplete record before us that the grant of summary judgment is erroneous. In an appeal from the granting of a summary judgment, if the appellant fails to bring forward the depositions before the trial court, it is presumed that the omitted depositions establish the correctness of the judgment. *Cliff Management Corp. v. Lovell*, 695 S.W.2d 301 (Tex.App.—Waco 1985, no writ); *Has-*

*sell v. New England Mutual Life Insurance Co.,* 506 S.W.2d 727 (Tex.Civ.App.— Waco 1974, writ ref'd).[1] There being no summary judgment proof before us of any contingency by which the alleged oral contract might be removed from the operation of the statute of frauds, appellant's first point of error is overruled.

■ Appellant asserts in his second point of error that the trial court erred in granting an instructed verdict in favor of the corporate defendants because such corporations are a sham and the alter ego of Jesus Diez Sollano Fernandez. Appellant has cited no legal authorities in support of this claim. He does not assert it to be a case of first impression. Consequently, the point is insufficiently briefed and has been waived. *Beaty v. Bales,* 677 S.W.2d 750, 758 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.); TEX.R.APP.P. 74(f).

Appellant contends in his last point of error that the trial court erred in setting aside the final judgment in his favor and subsequently entering a take nothing judgment because the jury's findings support and entitle him to judgment as originally entered.

In response to special issues submitted, the jury found that: (1) representations were made by Luis Torres to Bruno Wolf which were material facts which induced Wolf to leave his employment; (2) at the time the representations were made, Luis Torres did not know such representations were false, if they were false; (3) the representations were made recklessly; (4) the representations were made with the intent that Wolf rely on them; (5) Luis Torres was authorized to act for both Jesus Diez Sollano Fernandez and Jesus Diez Sollano Sada; (6) Wolf suffered a monetary loss as a proximate result of his reliance in the amount of $250,000.00; (7) the representations made were not willful or malicious; and (8) Wolf should be awarded $100,000.00 in exemplary damages. Appellant posits that the underlying issue is whether a find-ing that representations were made recklessly will support a judgment in a fraud case.

■ The necessary elements to support a cause of action for fraud or misrepresentation, when the alleged misrepresentation concerns an action to be accomplished in the future are: (1) the defendant made a promise to the plaintiff to perform a particular action in the future; (2) at the time the promise was made the defendant did not intend to perform; (3) the plaintiff relied on such promise; (4) the plaintiff acted upon the promise to its detriment; and (5) plaintiff suffered damage thereby. *Verette v. Travelers Indemnity Co.,* 645 S.W.2d 562, 567 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.); *K.W.S. Manufacturing Co., Inc. v. McMahon,* 565 S.W.2d 368, 371 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.). Before a promise to do something in the future can be actionable fraud, the plaintiff must plead and prove that the promise was made with a present intent not to perform. *Stanfield v. O'Boyle,* 462 S.W.2d 270 (Tex.1971); *Taylor v. Johnson,* 677 S.W.2d 680 (Tex.App.—Eastland 1984, writ ref'd n.r.e.).

■ A jury finding of recklessness will not support an action for fraud based on unfulfilled promises to do something in the future. *Taylor v. Johnson,* 677 S.W.2d at 682–683. Because the jury answered "No" to the knowledge of falsity issue and "Yes" to the recklessness issue in the case at bar, the trial court was correct in setting aside its final judgment for the plaintiff and entering a take nothing judgment for the defendant. Appellant's final point of error is overruled.

The judgment of the trial court is affirmed.

---

1. Appellant's request for the record was for a "complete Statement of Facts of the entire jury trial." He made no request for the summary judgment proof. Neither was there a statement of points to be relied on under TEX.R.CIV.P. 377 [now TEX.R.APP.P. 53(d)] invoking presumption that omitted material was irrelevant.