

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-16-00641-CV

**IN THE ESTATE OF** Jack C. **GILBERT** Jr., Deceased

From the County Court at Law, Kendall County, Texas
Trial Court No. 16-048-PR
Honorable Stephen B. Ables, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  February 8, 2017

AFFIRMED

Trudy Jane Schuetze Sundin appeals the trial court's order denying her application for a temporary injunction in the underlying probate proceeding. In her sole issue on appeal, Trudy contends the trial court abused its discretion because she alleged a viable cause of action for promissory estoppel based on Jack C. Gilbert Jr.'s promise to name her as his sole beneficiary in his will. We affirm the trial court's order.

### BACKGROUND

Beginning in the late 1990s, Trudy was Jack's romantic partner for almost seventeen years. In April of 2001, Trudy sold Jack her house in exchange for Jack's promise to execute a will naming her as the sole beneficiary of his estate. In 2004, Jack executed such a will. In 2006, Jack revised his will but again named Trudy as his sole beneficiary. In 2008, Trudy executed a gift

deed transferring an unimproved half-acre lot to Jack also in reliance on his promise to name her as his sole beneficiary. When Trudy and Jack ended their relationship in November of 2015, Jack revised his will; he named his son, James, as his sole beneficiary and independent executor of his estate. Jack died about four months later.

After the November 2015 will was admitted to probate, Trudy sued Jack's estate asserting claims for breach of contract and promissory estoppel. Trudy requested injunctive relief and a constructive trust on all of the estate's property, including the two tracts of real property Trudy previously conveyed to Jack. The trial court granted a temporary restraining order in Trudy's favor.

At the subsequent hearing on her request for a temporary injunction, Trudy sought the injunction based only on her promissory estoppel claim. The trial court concluded Trudy did not have a viable cause of action as a matter of law; it dissolved the temporary restraining order and denied her application for a temporary injunction. Trudy appeals.

## DISCUSSION

Trudy contends the trial court erred in concluding she does not have a viable promissory estoppel claim against Jack's estate. James counters that Trudy did not present evidence to support her promissory estoppel claim. But Trudy correctly asserts in her reply brief that the trial court's ruling was not based on the evidence.[1] Instead, at the hearing, the trial court expressly stated its decision was based on whether the law allowed Trudy to assert a promissory estoppel claim against Jack's estate:

> THE COURT: And if—if there's some authority that part performance of a promise to bequeath under an estate is enough for you to recover property from the estate in contradiction of the terms of a will or a trust, then, you know, we need to see it. I'm not—I don't think you're going to find it.

---

[1] We note Trudy made an informal offer of proof which was dictated into the record.

What I'm saying today is I'm assuming that you're right, that there's going to be somebody to get up and testify that, I was promised that if I would do this, I would be the sole heir of the estate, assuming that's right.

[Trudy's attorney]:  Yes, sir.

THE COURT:  I don't think that that's going to be enough for you to win, because I don't think that there's a cause of action for that. . . .  I understand promissory estoppel.  But I don't know if I've seen it in the context of setting aside the bequeaths under a will saying, you get that property instead of the person who's supposed to receive it under [a] valid will.

Therefore, the dispositive question in this appeal is whether Trudy can assert a promissory estoppel claim against Jack's estate based on his oral promise to name her as his sole beneficiary in his will.

## A.      Applicable Statute

Section 254.004(a) of the Texas Estates Code provides as follows:

(a)  A contract executed or entered into on or after September 1, 1979, to make a will or devise, or not to revoke a will or devise, may be established only by:

    (1)  a written agreement that is binding and enforceable; or

    (2)  a will stating:

        (A)  that a contract exists; and

        (B)  the material provisions of the contract.

TEX. ESTATES CODE ANN. § 254.004(a) (West 2014).  In recognition of this provision, Trudy dropped her breach of contract claim; however, Trudy contends section 254.004(a) does not affect her ability to assert a promissory estoppel claim.

## B.      Relevant Case Law

*1.*      Estate of Wallace

In *In re Estate of Wallace*, this court considered a similar argument.  No. 04-05-00567-CV, 2006 WL 3611277 (Tex. App.—San Antonio Dec. 13, 2006, no pet.) (mem. op.).  In that case, William Riddick and Willard Wallace were distant cousins.  *Id.* at *1.  Wallace owned 500 acres

of land, and Riddick alleged Wallace, who regarded Riddick as a son, promised to sell him the property in the future. *Id*. In consideration for this promise, Riddick performed personal services for Wallace. *Id*. In 1991, Wallace contracted to sell 400 acres to a third party; however, the sale never closed, and Riddick subsequently threatened to sue Wallace for breaching his promise. *Id*. In exchange for Riddick's promise not to sue, Wallace and his wife "agreed to bequeath Riddick an undivided one-half interest in 100 acres, rather than selling him the entire 500 acres as previously promised." *Id*. In 1993, Wallace and his wife provided Riddick a copy of their wills containing the devise. *Estate of Wallace*, 2006 WL 3611277, at *1. When Wallace died in 2001, his wife filed an application to probate his will. *Id*. The will offered for probate, however, was a 1996 will that excluded Riddick from receiving any interest in the 100 acres. *Id*. Riddick sued the estate asserting various claims, and the trial court granted a series of summary judgments on different claims. *Id*. at *2. On appeal, Riddick challenged the summary judgment dismissing his unjust enrichment claim. *Id*.

Similar to Trudy's stance in this appeal, Riddick conceded that section 59A(a) of the Texas Probate Code barred him from maintaining a breach of contract claim.[2] *Estate of Wallace*, 2006 WL 3611277, at *4. However, Riddick argued the trial court erred in granting the estate's motion for summary judgment "wherein the estate contended that Riddick's claim for unjust enrichment was barred as a matter of law because § 59A bars the enforcement of [an] oral agreement to make a will." *Id*. This court rejected Riddick's argument:

> Unjust enrichment is an equitable remedy that places an aggrieved plaintiff in the position he occupied prior to his dealings with the defendant. This remedy is

---

[2] Section 59A(a) of the Texas Probate Code was similar to section 254.004(a) of the Texas Estates Code; section 59A(a) read as follows:

> (a) A contract to make a will or devise, or not to revoke a will or devise, if executed or entered into on or after September 1, 1979, can be established only by provisions of a will stating that a contract does exist and stating the material provisions of the contract.

*Estate of Wallace*, 2006 WL 3611277, at *4 (quoting Texas Probate Code section 59A(a)).

distinct from expectancy damages that allow a plaintiff to receive the benefit of the bargain by placing him in as good a position as he would have been had the contract been performed. Here, Riddick claims he performed various services that benefitted Wallace. He does not, however, seek to be placed in the position he occupied prior to his dealings with Wallace by recovering the value of the services performed. Instead, he has consistently maintained that he should receive the property promised to him because "an agreement implied in law under principles of equity arose compelling delivery of the contested tract to Plaintiff." To hold otherwise, Riddick argues, would result in Wallace's estate being unjustly enriched by having received benefits for which compensation was promised to Plaintiff but not delivered. However, equitable relief is not available merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss to the claimant, or because the benefits to the person sought to be charged amount to a windfall.

Riddick, as a matter of law, cannot recover expectancy damages which are only available pursuant to a contract. Accordingly, we overrule Riddick's first issue.

*Id*. at \*5 (footnotes omitted) (citations omitted).

Trudy contends our decision in *Estate of Wallace* does not preclude her promissory estoppel claim because she has limited the relief she is requesting and only seeks to be placed in the position she was in prior to her dealings with Jack by recovering the real property she conveyed to him.[3] Although our decision in *Estate of Wallace* is distinguishable on its facts, we did not hold Riddick would have prevailed on his unjust enrichment claim if he had limited the relief he requested to the value of the services he performed. We simply held Riddick could not recover expectancy damages as a matter of law. *See id*.

2.    Doyle v. Heilman

In *Doyle v. Heilman*, the Houston court noted that this court did not reach the issue of whether section 59A of the Texas Probate Code precluded a claim for unjust enrichment. No. 01-09-00164-CV, 2010 WL 1053062, at \*5 (Tex. App.—Houston [1st Dist.] Mar. 11, 2010, no pet.) (mem. op.). In *Doyle*, Leticia G. Heilman sued the estate of Albert Miller alleging she "had an

---

[3] We note Trudy's pleading broadly sought to enjoin James from disposing of all of the estate's assets, and her argument to the trial court was equally broad. In her brief, however, Trudy only seeks to enjoin James from disposing of the real property she conveyed to Jack.

oral contract with Miller agreeing that Miller would give 'all his worldly goods of value' to Heilman if she cared for his needs until he died." *Id.* at \*1. Heilman sued for "breach of contract, promissory estoppel, quantum meruit, breach of fiduciary duty, spousal liability, and unjust enrichment." *Id.* The trial court granted summary judgment in favor of the executor on all of Heilman's claims except her claim for quantum meruit. *Id.* After a bench trial, the trial court entered a judgment in favor of Heilman on her claim for quantum meruit and awarded her $72,300 in damages. *Doyle*, 2010 WL 1053062, at \*5.

On appeal, the executor argued section 59A of the Texas Probate Code was an absolute bar to Heilman's recovery. *Id.* "Heilman argued that she should recover under quantum meruit for the reasonable value of her services." *Id.* The Houston court referred to this court's decision in *Estate of Wallace*:

> The San Antonio Court of Appeals addressed a claim for unjust enrichment and a Section 59A defense but did not reach the issue because the claimant sought a recovery based on a contract, which Section 59A precludes if it is not in writing.

*Id.* (citing *Estate of Wallace*, 2006 WL 3611277, at \*5). The Houston court further noted, "We find no authority establishing that a claimant can recover on a claim for quantum meruit for an alleged oral agreement that is barred by Section 59A." *Id.* Because the Houston court held Heilman failed to prove all of the elements of her quantum meruit claim, however, that court also concluded it "need not decide whether Section 59A bars a quantum meruit claim." *Id.*

## C.     Standard of Review

Here, the trial court assumed Trudy could prove all of the elements of her promissory estoppel claim, but it denied Trudy's application for a temporary injunction because it concluded section 254.004 bars such a claim as a matter of law. Although the decision "to grant or deny a temporary injunction is within the trial court's sound discretion," *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002), "[a] trial court has no 'discretion' in determining what the law is,"

*Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992), and we review de novo the trial court's determination that section 254.004 bars such a claim, *see Marketshare Telecom, L.L.C. v. Ericsson, Inc.*, 198 S.W.3d 908, 916 (Tex. App.—Dallas 2006, no pet.) ("We review de novo any determinations on questions of law that the trial court made in support of the [temporary injunction].").

**D.      Statute Bars Trudy's Claim**

          *1.      Trudy's Cases Lack Requisite Support*

Trudy cites *Trevino & Associates Mechanical*, *Blackstone Medical*, and *Richter* to show promissory estoppel is a valid cause of action in Texas and to identify the elements of promissory estoppel. *See Blackstone Med., Inc. v. Phoenix Surgicals, L.L.C.*, 470 S.W.3d 636, 655 (Tex. App.—Dallas 2015, no pet.); *Trevino & Assocs. Mech., L.P. v. Frost Nat'l Bank*, 400 S.W.3d 139, 146 (Tex. App.—Dallas 2013, no pet.); *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 899 (Tex. App.—San Antonio 2002, no pet.). We recognize that promissory estoppel is a valid cause of action in Texas, but none of Trudy's cases addresses promissory estoppel in the context of section 254.004's statutory bar. *See* TEX. EST. CODE ANN. § 254.004; *Blackstone Med.*, 470 S.W.3d at 655; *Trevino & Assocs. Mech.*, 400 S.W.3d at 146; *Richter*, 90 S.W.3d at 899. Trudy does not cite any authority to show that promissory estoppel is a viable cause of action in her circumstances, and we have found none.

          *2.      Contrary Authority*

To the contrary, where our sister courts have addressed similar circumstances, none has held that an oral promise to bequeath property on the promisor's death is enforceable in light of section 254.004. *See, e.g.*, *Doyle*, 2010 WL 1053062, at *5 ("We find no authority establishing that a claimant can recover on a claim for quantum meruit for an alleged oral agreement that is barred by Section 59A [section 254.004's predecessor statute]."); *see also Pool v. Diana*, No. 03-

08-00363-CV, 2010 WL 1170234, at \*8 (Tex. App.—Austin Mar. 24, 2010, pet. denied) (mem. op.) (citing section 59A of the former Probate Code, the statutory predecessor of Estates Code section 254.004, and stating "[a]s a matter of law, an oral agreement to devise property otherwise disposed of in a will is unenforceable").

      *3.      Statute Bars Trudy's Promissory Estoppel Claim*

Having reviewed the statute and the relevant case law, we conclude the legislature intended to foreclose a claim relating to a promise to make a will or devise or not to revoke a will or devise if that promise is not in writing. *See* TEX. EST. CODE ANN. § 254.004; *Pool*, 2010 WL 1170234, at \*8; *Doyle*, 2010 WL 1053062, at \*5; *Estate of Wallace*, 2006 WL 3611277, at \*4; *see also Taylor v. Johnson*, 677 S.W.2d 680, 682 (Tex. App.—Eastland 1984, writ ref'd n.r.e.).[4] We hold that section 254.004 bars a claim for promissory estoppel on an oral promise to devise property that is disposed of in a will. *See* TEX. EST. CODE ANN. § 254.004; *Pool*, 2010 WL 1170234, at \*8. Because Trudy seeks to enforce Jack's alleged oral promise to devise his estate to her, and Jack's will devises his estate to another, Trudy's claim is barred.

## CONCLUSION

To obtain a temporary injunction, Trudy was required to prove she had a cause of action against the estate. *See Butnaru*, 84 S.W.3d at 204. Because we hold Trudy's promissory estoppel claim is barred by Estates Code section 254.004(a), we conclude the trial court did not abuse its discretion in denying Trudy's application for a temporary injunction. Thus, we affirm the trial court's order.

                        Patricia O. Alvarez, Justice

---

[4] *See generally* Ozgur K. Bayazitoglu, *Applying Realist Statutory Interpretation to Texas Probate Code § 59A— Contracts Concerning Succession*, 33 HOUS. L. REV. 1175, 1192–94 (1996) (asserting strict interpretation of section 59A is unjust but stating "If the *Taylor* court is correct, section 59A is essentially a supplement to the statute of frauds, operating as another statute that requires certain contracts to be in writing if they are to be enforceable. . . . Even where a promisee has reasonably relied upon a promise to her detriment, she will nevertheless be unable to enforce the promise in court.").